POLSINELLI PC
Alina Levi
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 413-2868
alevi@polsinelli.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR RESIDENTIAL MORTGAGE AGGREGATION TRUST,<br><br>Plaintiff,<br><br>-against-<br><br>1365-1369 ST JOHNS PLACE LLC; ZALMEN WAGSCHAL; PINNACLE SOLUTIONS USA CORP.; BEST SUPER CLEANING LLC; S&Z MECHANIC'S INC.; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK; CHAIM FISHER; JADAN CONTRACTING GROUP CORPORATION; SIGNATURE APPLIANCE CENTER INC., and JOHN DOE NO. I THROUGH JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>Defendants. | Case No. 1:24-cv-04046-DG-VMS |

## AMENDED COMPLAINT FOR MORTGAGE FORECLOSURE

Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Residential Mortgage Aggregation Trust ("**Plaintiff**"), by and through its attorneys, brings forth its cause of action against Defendants 1365-1369 St Johns Place LLC, Zalmen

Wagschal, Pinnacle Solutions USA Corp., Best Super Cleaning LLC, S&Z Mechanic's Inc., City of New York Environmental Control Board, Department of Housing Preservation and Development of the City of New York, Chaim Fisher, Jadan Contracting Group Corporation, Signature Appliance Center Inc., and John Doe No. I through John Doe No. XXX and states as follows:

## PARTIES

1. Wilmington Savings Fund Society, FSB ("**Wilmington**") is the plaintiff herein, not in its individual capacity, but solely as trustee for Residential Mortgage Aggregation Trust. It is the record holder of the notes and mortgages discussed below.

2. Defendant 1365-1369 St Johns Place LLC ("**Borrower**") is a limited liability company formed under the laws of the New York having an office located at 4403 15th Avenue, #155, Brooklyn, NY 11219. Its sole member is Defendant Zalmen Wagschal, a US citizen and a New York domiciliary.

3. Defendant Pinnacle Solutions USA Corp. ("**Pinnacle**") is a New York corporation with its principal place of business in the State of New York. Pinnacle is named herein as the holder of a mechanic's lien in the amount of $19,000.00 against Borrower and filed of record on December 15, 2022 in Control No. 004094855 01.

4. Defendant Best Super Cleaning LLC ("**Best Super**") is a New York limited liability company located at 5014 16th Ave., 231, Brooklyn, NY 11204 and is named herein as the holder of a mechanic's lien in the amount of $4,779.23 against Borrower and filed of record on January 24, 2023 in Control No. 004104271 01. Upon information and belief, the sole member of Best Super is its CEO, Benjamin Mahrel, a US citizen and a New York domiciliary.

5. Defendant S&Z Mechanics ("**S&Z Mechanics**") is a New York corporation with its principal place of business in the State of New York. S&Z Mechanics is named herein as the

holder of a mechanic's lien in the amount of $11,516.00 against Borrower and filed of record on March 16, 2023 in Control No. 004116680 02 and a mechanic's lien in the amount of $11,516.00 against Borrower and filed of record on March 16, 2023 as Control No. 004116680 01.

6. Defendant City of New York Environmental Control Board ("**ECB**") is located at 233 Schermerhorn Street, 11th Floor, Brooklyn, NY 11201 and is named herein by virtue of certain Environmental Control Board Liens found of record against Borrower.

7. Defendant Department of Housing Preservation and Development ("**HPD**") of the City of New York is located at 100 Gold Street, 3rd Floor, New York, NY 10038 and is named herein as a party that may claim an interest in the property that is the subject of this mortgage foreclosure action by virtue of the Order and Judgment entered in Index No. 385 05, Kings County, New York.

8. Defendant Chaim Fisher, a US citizen and a New York domiciliary, is located at 449 20th Street, Brooklyn, NY 11215 and is named herein as a party that may claim an interest in the property that is the subject of this mortgage foreclosure action by virtue of a certain Declaration of Restrictions recorded on July 13 2022 as CRFN 2022000277382.

9. Defendant Zalmen Wagschal ("**Guarantor**"), a United States citizen and a New York domiciliary, is the sole member of Borrower and, upon information and belief can be served at 4403 15th Avenue, #155, Brooklyn, NY 11219 or 1501 43rd St. #1, Brooklyn, NY 11219.

10. Defendant Jadan Contracting Group Corporation ("**Jadan Contracting**") is a New York corporation with its principal place of business in the State of New York. Jadan Contracting is located at 32-37 105th Street, Queens, New York 11369, and is named as a defendant herein as the holder of mechanic's lien in the amount of $57,219.93 against Borrower and filed of record with the Kings County Clerk's Office on May 16, 2024.

11. Defendant Signature Appliance Center Inc. ("**Signature**") is a New Jersey corporation with its principal place of business in New Jersey. Signature is located at 511-51 Cedar Lane, Teaneck, New Jersey 07666 and is named as a defendant herein as the holder of mechanic's lien in the amount of $18,980.00 against Borrower and filed of record with the Kings County Clerk's office on February 1, 2024.

12. Defendants John Does I through XXX are currently unknown to Plaintiff, but, on information and belief, are tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the Complaint. None are citizens of Delaware.

## JURISDICTION AND VENUE

13. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

14. Plaintiff Wilmington is a Federal savings bank and its home office is in Wilmington, Delaware. Under 12 U.S.C. § 1464(x), a Federal savings association (a term that, pursuant to 12 U.S.C. § 1462(2), encompasses a Federal savings bank such as Wilmington) is "considered to be a citizen only of the State in which such savings association has its home office." Wilmington is therefore a citizen of Delaware for diversity purposes, and Wilmington's citizenship is all that is relevant. *Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378, 383 (2016) (holding trustee citizenship "all that matters" when "trustee files a lawsuit or is sued in [its] own name").

15. Diversity is complete. As alleged above, Wilmington is a Delaware citizen and the private defendants are citizens of the State of New Jersey (Signature) or of the State of New York (Borrower, Guarantor, Pinnacle, Best Super, Chaim Fisher). The municipal defendants, ECB and HPD, are citizens of the State of New York for diversity purposes.

16. Borrower is indebted to Plaintiff pursuant to a commercial mortgage loan transaction, as described in more detail below. The outstanding balance on the loan exceeds

4

$75,000.00. Accordingly, the amount in controversy is greater than the $75,000.00 threshold for diversity jurisdiction.

17. The action properly lies in the Eastern District of New York as the real property which is the subject of this action lies in this judicial district, and all or substantially all of the events or omissions giving rise to the claims occurred in this judicial district. 28 U.S.C. § 1391(a)(2).

## STATEMENT OF FACTS

### *The Loan Transaction*

18. Plaintiff is the owner and holder of a certain loan (the "**Loan**"), which is evidenced by the following: (i) a certain Consolidated and Restated Promissory Note dated August 20, 2021 in the original principal amount of $6,700,000.00 (as amended from time to time, the "**Note**"), the maker of which is Borrower and (ii) a certain Building Loan Promissory Note dated August 20, 2021 in the original principal amount of $300,000.00 (as amended from time to time, the "**Building Note**"), the maker of which is Borrower. A true and correct copy of the Note is attached hereto as **Exhibit A**. A true and correct copy of the Building Note is attached hereto as **Exhibit B**.

19. The indebtedness owed under the Note and Building Note (collectively, the "**Notes**") is secured by Borrower's non-residential real property, and improvements thereon, with a street address of 1365 St. John's Place, Brooklyn, New York 11213 (Block: 1378 Lot: 78) and 1369 St. John's Place, Brooklyn, New York 11213 (Block: 1378 Lot: 79), and all or substantially all of Borrower's personal property, as set forth in the Mortgages (as defined below) (collectively, the "**Property**").

20. Plaintiff is the owner and holder of that certain Consolidated and Restated Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated as of August 20,

2021, the grantor under which is Borrower (as amended from time to time, the "**First Mortgage**") and that certain Building Loan Mortgage, Assignment of Rents, Security Agreement and Fixture Filing in an amount up to $300,000.00 dated as of August 20, 2021, the grantor under which is Borrower (as amended from time to time, the "**Building Mortgage**"). The First Mortgage and the Building Mortgage (collectively, the "**Mortgages**") encumber the Property. A true and correct copy of the First Mortgage, as recorded, is attached hereto as **Exhibit C.** A true and correct copy of the Building Mortgage, as recorded, is attached hereto as **Exhibit D.**

21. The First Mortgage was duly recorded with the Office of the City Register of the City of New York, Kings County (the "**City Register**"), on November 8, 2021, as CRFN 2021000355162, and the New York State recording tax was duly paid thereon. (Ex. C.)

22. The Building Mortgage was duly recorded with the City Register on September 8, 2021, as CRFN 2021000355164, and the New York State recording tax was duly paid thereon. (Ex. D.)

23. Also in connection with the Loan and the execution of each of the Notes, Borrower executed an Assignment of Leases and Rents (the "**ALR**"), pursuant to which Borrower absolutely and unconditionally granted, transferred and assigned to Original Lender all of Borrower's right, title and interest in and to the Leases (as defined in the ALR) together with all of the rents, additional rents, charges, issues and profits payable under the Leases (referred to as the "**Rents**"). True and correct copies of the ALRs for the Loan and Building Loan are attached hereto as **Exhibit E**.

24. The ALRs were duly recorded with the Register on September 8, 2021 as CRFN 2021000355163 and CRFN 2021000355165. (Ex. E).

25. In connection with Borrower's execution of the Notes, Guarantor executed the following: (i) a certain Payment Guaranty dated August 20, 2021 (the "**Guaranty**"), pursuant to which Guarantor absolutely and unconditionally guaranteed the payment of certain amounts owed under the Note, all as further set forth in the Guaranty and (ii) a certain Payment Guaranty dated August 20, 2021 (the "**Building Guaranty**"), pursuant to which Guarantor absolutely and unconditionally guaranteed the payment of certain amounts owed under the Building Note, all as set forth in the Building Guaranty. A true and correct copy of the Guaranty is attached hereto as **Exhibit F.** A true and correct copy of the Building Guaranty is attached hereto as **Exhibit G.**

26. The Notes, Mortgages, Guaranty, the Payment Guaranty and all other documents further evidencing, securing or executed in connection with the Loan are referred to herein collectively as the "**Loan Documents**."

27. Prior to the commencement of this action, the original lender with respect to the Loan, A&S Capital LLC, assigned the Notes and the Mortgages to Emilion Capital LLC ("**Emilion**") as evidenced by a certain Assignment of Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated August 20, 2021 and recorded with the City Register on November 5, 2021 in CRFN 2021000439155, which assigned the Mortgage, and that certain Assignment of Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated August 2020, 2021 and recorded with the City Register on November 5, 2021 in CRFN 2021000439156, which assigned the Building Mortgage. True and correct copies of the recorded assignments to Emilion are attached hereto collectively as **Exhibit H**.

28. Thereafter, Emilion assigned the Notes and Mortgages to Churchill Funding I LLC ("**Churchill**") as evidenced by a certain Assignment of Security Instruments dated March 3, 2022 and recorded with the City Register on September 15, 2022 in CRFN 2022000358794, which

assigned the Mortgage, and that certain Assignment of Mortgage dated February 17, 2022 and recorded with the City Register on June 22, 2023 in CRFN 2023000156041, which assigned the Building Mortgage. True and correct copies of the recorded assignments to Churchill are attached hereto collectively as **Exhibit I**.

29. Churchill thereafter assigned the Notes and Mortgages to Plaintiff, as evidenced by a certain Assignment of Security Instruments dated February 24, 2022 and recorded with the City Register on May 9, 2023 in CRFN 2023000114547, which assigned the Mortgage, and that certain Assignment of Mortgage dated June 16, 2023 and recorded with the City Register on June 23, 2023 in CRFN 2023000157211, which assigned the Building Mortgage. True and correct copies of the recorded assignments to Plaintiff are attached hereto collectively as **Exhibit J**.

30. Additionally, A&S Capital executed an Assignment of the ALRs to Emilion, dated July 7, 2023, and recorded with the City Register on July 13, 2023 in CRFN 2023000174432 and CRFN 2023000174433 respectively for the Loan and Building Loan. Then, Emilion executed an Assignment of the ALRs to Churchill, dated July 7, 2023, and recorded with the City Register on July 18, 2023, in CRFN 2023000178182 and CRFN 2023000178183 respectively. Churchill thereafter executed an Assignment of the ALRs to Plaintiff, dated July 19, 2023, and recorded with the City Register on July 19, 2023 in CRFN 2023000180193 and CRFN 2023000180192. True and correct copies of the recorded Assignments of the ALRs are attached hereto collectively as **Exhibit K.**

31. The original Loan Documents, including the Notes together with Allonges affixed to the Notes making the Notes payable to Plaintiff, were delivered to Plaintiff, and, thus, Plaintiff is the current holder and owner of the Loan Documents.

32. Prior to the commencement of this action, Plaintiff has been in exclusive possession of the original Notes and has not transferred the same to any other person or entity.

*__Default Under the Loan Documents__*

33. The Loan Documents provide, among other things:

     a. Borrower shall make monthly payments of principal and interest and other amounts;

     b. in the event of a default by the Borrower, the entire unpaid principal, accrued interest, and all other amounts payable under the Loan Documents may be accelerated at Plaintiff's option;

     c. in the event of a default by the Borrower, Borrower's license to collect the rents generated by the Property may be revoked;

     d. in any action to foreclose, Plaintiff shall be entitled to the appointment of a receiver without notice or regard to value;

     e. Plaintiff shall be entitled to legal expenses, costs and fees; and

     f. in the event of a default by the Borrower, interest at the default rate set forth in the Loan Documents shall be owed by the Borrower.

34. Borrower defaulted under the Loan Documents by failing to pay the debt due and owing under the Notes as provided for therein. Thereafter, Plaintiff and Borrower executed that certain Construction Loan Extension Agreement dated April 4, 2023 (the "**Extension Agreement**"), pursuant to which Plaintiff agreed to extend the maturity date under the Notes to July 1, 2023, pursuant to the terms and conditions set forth in the Extension Agreement. In the Extension Agreement, Borrower released Plaintiff from all claims arising from or in connection with the Loan Documents and agreed to perform under the Loan Documents, as provided for

therein, as amended by the Extension Agreement. A true and correct copy of the Extension Agreement is attached hereto as **Exhibit L**.

35. By letter dated June 7, 2023, Plaintiff provided notice to Borrower that Borrower was in default under the terms of the Loan Documents and Extension Agreement and that Plaintiff had elected to accelerate the debt due and owing under the Notes. A true and correct copy of the notice sent to Borrower is attached hereto as **Exhibit M.**

36. Borrower failed to make the required monthly payments or being the Loan current. As a result, Plaintiff commenced the prior foreclosure action on July 20, 2023 (Case No. 1:23-cv-05525) ("First Foreclosure Action"). The First Foreclosure Action was resolved by settlement and a Stipulation of Dismissal was filed on February 20, 2024.

37. As part of the settlement, on December 1, 2023, Borrower, Guarantor and Plaintiff entered into a Forbearance Agreement. In the Forbearance Agreement, Borrower admits defaulting on the Loan and promised to make the following payments to Plaintiff:

(i) $80,000 by December 1, 2023;

(ii) $40,000 by February 1, 2024;

(iii) $40,000 by March 1, 2024;

(iv) $40,000 by April 1, 2024.

Additionally, the Loan was required to be paid off in full by May 1, 2024. A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit N.**

38. Borrower and Guarantor ratified and re-affirmed the validity and enforceability of the Loan Documents in the Forbearance Agreement. *See* Exhibit L. Specifically, Borrower and Guarantor agreed that "All indebtedness created under the Loan Documents is validly and unconditionally and due and owing by Borrower Parties to Lender in accordance with the terms

10

thereof without any defense or offset whatsoever, and Borrower Parties have no defenses, claims counterclaims or other rights that could be asserted to impair, delay, or adversely affect Lender's receipt of full payment and performance of all obligations owed to Lender by Borrower Parties with respect to the Loan or the same are hereby waived." *See* Exhibit L, Section 6(c).

39. Additionally, Borrower and Guarantor agreed that "Lender has given and Borrower Parties have received all notices to which Borrower Parties are entitled under the Loan Documents with respect to the Payment Default, and Borrower Parties hereby unconditionally waive all such notices that Lender might have neglected to give." *See* Exhibit M, Section 6(d).

40. Borrower failed to timely make payments as and when due under the Notes and failed to perform under the terms of the Loan Documents, Extension Agreement and Forbearance Agreement. Borrower failed to pay off the Loan in full by May 1, 2024 as required.

41. In the Forbearance Agreement, Borrower further agreed that upon its failure to comply with the same, Borrower would consent to the entry of a judgment pursuant to which Plaintiff would have the right to foreclose.

42. Plaintiff further has recently obtained an updated title report, which title report revealed a number of junior encumbrances and liens on the Property. Plaintiff files this action to extinguish all claims or interests any of the Defendants assert in the Property. Such liens and encumbrances also result in separate and additional defaults under the Loan Documents.

*Amounts Due Under the Loan Documents*

43. As of May 14, 2024, the following amounts are due and owing under the Notes: the unpaid principal balance in the amount of $7,000,000.00; past due interest in the amount of $811,097.82; past due default interest in the amount of $1,173,281.63; additional past due/accrued interest in the amount of $2,918.61; late fees in the amount of $10,488.32; an extension fee in the

11

amount of $70,000.00; other unpaid fees and costs in the amount of $894.98; and any and all fees and costs incurred by Plaintiff, both to date and hereafter, in connection with the collection of the amounts due and owing under the Loan Documents for the protection, preservation and realization of the Property, including processing fees, late charges, inspection fees, environmental fees, appraisal fees, expenses, administrative fees, servicing fees, attorneys' fees, and costs incurred in connection with the issuance of the third-party reports in connection with the Property.

### *Right to Possession and Rents*

44. Under the Mortgages, upon a default thereunder, Plaintiff is entitled to collect and receive the rents and the value of the use and occupation of the Property. Plaintiff is also entitled to an order directing all rents, issues and profits from the Property be remitted to Plaintiff in accordance with the terms of the Mortgages and other Loan Documents and directing that any such amounts be used to reduce the indebtedness described above.

### *Right to Foreclosure*

45. Under the Mortgages, upon an event of default, Plaintiff has the right to institute a proceeding for foreclosure. Thus, Plaintiff is entitled to an Order from the Court that the Mortgages be foreclosed, that the liens provided therein be declared as first and prior liens on the Property, and that Plaintiff be granted the right of immediate possession of the Property.

46. Further, Borrower specifically consented to the entry of a foreclosure judgment in the Forbearance Agreement.

47. No other action is pending to recover any part of the debt under the Mortgages, Notes, or other Loan Documents.

48. Plaintiff may not be deemed to have waived, altered, released, or changed its election to foreclose by reason of any payment made after the date of commencement of this action of any and all of the defaults identified herein.

49. Plaintiff specifically reserves the right to pursue a temporary injunction, appointment of receiver, or other relief with respect to its rights under the Loan Documents. Pursuant to N.Y. Real Prop. Acts. Law §1371, Plaintiff will move the Court to enter final judgment against Borrower and Guarantor for any residue of the debt under the Notes remaining unsatisfied after the foreclosure sale of the Property is completed.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff for foreclosure of the Property as follows:

    A.    Finding that Plaintiff has a first and best lien on the Property;

    B.    Ordering that Plaintiff has the legal right and is authorized to foreclose on the Property:

        (i)    in one parcel according to law together with the fixtures and articles of personalty upon the premises;

        (ii)    subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof;

        (iii)    subject to any state of facts that an accurate survey would show;

        (iv)    subject to covenants and restrictions of record, if any; and

        (v)    subject to violations, if any, noted by any federal, state, city, town or village agency having authority over the premises;

C. Finding that such foreclosure will vest in the purchaser thereat free and clear title to the Property, free of any and all interests that are or might be asserted by the Defendants to this Complaint;

D. Ordering that Plaintiff has the right to credit bid at such foreclosure sale any and all amounts due to Plaintiff under the Loan Documents;

E. Ordering and directing that the Sheriff of Kings County, New York, or any referee appointed in this action, foreclose the Property and deliver title via a Sheriff's Deed or Referee's Deed, and bill of sale, as appropriate, to the successful bidder at such foreclosure;

F. Ordering and directing that the proceeds of the sale be applied as follows:

(i) to payment of the expenses of the sale;

(ii) to the payment of the debt owed to Plaintiff under the Notes;

(iii) to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

(iv) to the payment, at Plaintiff's option, of any real property taxes that may be due and unpaid in connection with the Property;

(v) to the payment, at Plaintiff's option, of all other assessments against or attributable to the Property; and

(vi) the surplus, if any, to the payment of debts secured by junior liens on the Property and then, to Borrower, in accordance with further order of the Court;

G. Ordering that Borrower has no right of redemption or reinstatement with respect to the Property;

H. Finding that Plaintiff has preserved its right to pursue any deficiency that may exist under the Notes and other Loan Documents after application of the proceeds of the foreclosure sale pursuant to N.Y. Real Prop. Acts. Law §1371 and may move the Court to enter final judgment against Borrower and Guarantor for such deficiency; and

I. Ordering all further relief is just, proper, and equitable.

Dated: New York, New York
July 17, 2024

POLSINELLI PC

By: */s/ Alina Levi*
ALINA LEVI
600 Third Avenue, 40th Floor
New York, New York 10016
(212) 413-2868
alevi@polsinelli.com

ATTORNEYS FOR PLAINTIFF