THE ROSENFELD LAW FIRM
Avinoam Y. Rosenfeld Esq.
156 Harborview South
Lawrence, New York 11559
PH. (516) 547-1717
Aviyrosenfeld@aol.com
*Attorneys for Defendants:*
1365-1369 ST JOHNS PLACE LLC and
ZALMEN WAGSCHAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WILMINGTON SAVINGS FUND SOCIETY, FSB,
NOT IN ITS INDIVIDUAL CAPACITY, BUT
SOLELY AS TRUSTEE FOR RESIDENTIAL
MORTGAGE AGGREGATION TRUST,

                          Plaintiff,         **Case No.:**
                                         **24-cv-04046-DG-VMS**

    -against-

1365-1369 ST JOHNS PLACE LLC; ZALMEN
WAGSCHAL; PINNACLE SOLUTIONS
USA CORP.; BEST SUPER CLEANING LLC;
S&Z MECHANIC'S INC.; CITY OF NEW YORK    **ANSWER OF DEFENDANTS**
ENVIRONMENTAL CONTROL BOARD;                   **1365-1369 ST JOHNS PLACE**
DEPARTMENT OF HOUSING PRESERVATION     **LLC and ZALMEN**
AND DEVELOPMENT OF THE CITY OF                     **WAGSCHAL to AMENDED**
NEW YORK; CHAIM FISHER; JADAN                     **COMPLAINT**
CONTRACTING GROUP CORPORATION;
SIGNATURE APPLIANCE CENTER INC.,
and JOHN DOE NO. I THROUGH
JOHN DOE NO. XXX, inclusive, the last thirty names
being fictitious and unknown to plaintiff, the persons
or parties intended being the tenants, occupants, persons
or corporations, if any, having or claiming an interest
in or lien upon the premises described in the complaint,

                          Defendants.
-----------------------------------------------------------------x

      Defendants **1365-1369 ST JOHNS PLACE LLC and ZALMEN WAGSCHAL,** by their attorneys, **THE ROSENFELD LAW OFFICE**, as and for their Answer to the Amended Complaint of Plaintiff herein, respectfully alleges as follows:

## IN ANSWER TO "PARTIES"

1. With respect to Plaintiff's Amended Complaint Paragraph Nos. 3-8, and 10-12, Defendants deny or information sufficient as to form a belief as to the truth of the allegations set forth in these Paragraphs.

2. Defendants Deny Paragraph Nos. 1-2,; and 9 of the Amended Complaint. Defendants claim that while Wilmington claims to be a "Trustee", it has no control or right (lacks standing and capacity to sue) to bring this case as trustee of alleged Plaintiff RESIDENTIAL MORTGAGE AGGREGATION TRUST and that even alleged Plaintiff RESIDENTIAL MORTGAGE AGGREGATION TRUST either does not itself exist; or did not exist at the time of transfer of the Note and Mortgage. In general, it also lacks standing and Capacity to sue.

3. Defendant Zalmen Wagschal denies being a guarantor.

## IN ANSWER TO "JURISDICTION AND VENUE"

4. Defendant's deny the allegations set forth in Paragraph Nos. 13-16 of the Amended Complaint and deny knowledge or information sufficient as to form a belief as to the truth of the allegations set forth in Paragraph 17.

5. Defendants deny that this case qualifies for diversity. It should therefore be dismissed. Upon information and belief, RESIDENTIAL MORTGAGE AGGREGATION TRUST is a New York company.

## IN ANSWER TO "STATEMENT OF FACTS"

6. Defendants deny the allegations set forth in Paragraph Nos. 18 - 20 of the Amended Complaint.

7. Defendants respectfully refer the allegations contained in Paragraph Nos. 21 – 22, and 24 of the Amended Complaint to the Court for determination to the extent that these Paragraphs sets forth allegations of legal conclusions and are incapable of an answer. To the extent that a response to the Paragraphs of the Amended Complaint referenced herein is required, Defendant deny knowledge or information sufficient as to form a belief as to the truth of the allegations contained in said Paragraphs.

8. Defendants deny the allegations set forth in Paragraph No. 23 of the Amended Complaint.

9. Defendants deny the allegations set forth in Paragraph No. 25 of the Amended Complaint.

10. Defendants admit the allegations set forth in Paragraph No. 26 of the Amended Complaint.

11. Defendants deny the allegations set forth in Paragraph Nos. 27 - 49 of the Amended Complaint.

## IN ANSWER TO WHEREFORE CLAUSE AND SECTIONS "A" – "I"

12. Defendants respectfully request that the Wherefore clause of the Amended Complaint, including Sections "A" – "I", be denied in their entirety.

## JURY DEMAND

13. Defendants hereby demand a trial by jury in accordance with Federal Rule of Civil Procedure 38.1.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. The Amended Complaint fails to state a cause of action against both Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Plaintiff lacks standing and/or capacity to sue, as it was not the owner and/or holder of the Note and Mortgage at the commencement of this action. In addition, Plaintiff's Notes were not transferred properly, and are owned by other entities who did not give over their rights or ownership to plaintiff. The allonges, are detached and therefore defective. There are unfilled gaps in the assignments and/or the assignments failed to transfer the Note. The Guarantees have also not been properly transferred and/or could not be transferred. Therefore the guarantees are currently in the possession of previous lenders and have expired and have been cancelled by the Guarantor.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Plaintiff did not send proper default notices which are pre-requisites to a foreclosure action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. Diversity is not achieved as aspects of the Plaintiff and Defendant side share similar States.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff failed to offer and/or accept modification of the loan.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. Force Majeure, which allows Defendant to avoid foreclosure.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

21. The forbearance agreements were made under duress as contracts of adhesion and are void. The agreements were boiler plate form letters designed to deprive the Defendants of any rights without allowing Defendants a chance to have their own lawyers involved in drafting or review. The overwhelming power of the Plaintiff's side in drafting and forcing the forbearance agreement under immediate stress of total foreclosure and loss of all equity, and all rights, makes these contracts null and void.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22. Defendants reserve the right to plead additional affirmative defenses as discovery proceeds in this matter.

**WHEREFORE**, Defendants **1365-1369 ST JOHNS PLACE LLC and ZALMEN WAGSCHAL,** demand judgment dismissing Plaintiff's Complaint, and awarding attorney's fees and costs associated with the defense of this lawsuit and for

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

such other relief that this Court deems just and equitable.

Dated: Lawrence, New York
December 2, 2024

                                        Respectfully submitted,

                                        THE ROSENFELD LAW OFFICE

                                        By: _____
                                                  Avinoam Y. Rosenfeld
                                        *Attorneys for Defendants:*
                                        *1365-1369 St Johns Place LLC*
                                        *and Zalmen Wagschal*
                                        156 Harborview South
                                        Lawrence, New York 11559
                                        Phone: (516) 547-1717
                                        Email: aviyrosenfeld@aol.com

TO:

**POLSINELLI PC**
*Attorneys for Plaintiff*
c/o Alina Levi Esq.
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 413-2868
alevi@polsinelli.com